

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-77,175-05**

**EX PARTE RANDY ETHAN HALPRIN, Applicant**

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN
CAUSE NO. W01-00327-T(B) IN THE 283ᴿᴰ JUDICIAL DISTRICT COURT
DALLAS COUNTY**

*Per curiam.*

**O R D E R**

In June 2003, a jury found Applicant guilty of the offense of capital murder. *See*
TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory punishment
questions set out in Texas Code of Criminal Procedure Article 37.071, the trial court
sentenced Applicant to death.[1] This Court affirmed Applicant's conviction and sentence
on direct appeal. *Halprin v. State*, 170 S.W.3d 111 (Tex. Crim. App. 2005). We denied
relief on Applicant's initial post-conviction application for a writ of habeas corpus and

---

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas
Code of Criminal Procedure.

dismissed his first, second, and third subsequent writ applications in the same order. *Ex parte Halprin*, Nos. WR-77,175-01 thru WR-77,175-04 (Tex. Crim. App. Mar. 20, 2013) (not designated for publication).

On July 16, 2019, Applicant filed in the trial court his fourth subsequent application for a writ of habeas corpus (our -05). After reviewing the application, this Court determined that his first claim met the dictates of Article 11.071 § 5, and we remanded the claim to the trial court for a review on the merits. *Ex parte Halprin*, No. WR-77,175-05 (Tex. Crim. App. Oct. 4, 2019) (not designated for publication).

It has been more than a year since we remanded the application to the trial court. Accordingly, we order the trial court to resolve any remaining issues in the case within 180 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish